

U.S. Department of Justice

Jessie K. Liu
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

August 31, 2018



FILED
AUG 3 1 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Stuart A. Sears, Esq.
Schertler & Onorato, LLP
901 New York Avenue, N.W.
Suite 500
Washington, DC 20001

    Re:    <u>United States v. W. Samuel Patten</u>    18-CR-260 (ABJ)

Dear Counsel:

    This letter sets forth the full and complete plea offer to your client W. Samuel Patten (hereinafter referred to as "your client" or "defendant") from the United States Attorney's Office for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter referred to as the "Agreement"). The terms of the offer are as follows.

    1.    **Charges and Statutory Penalties**

    Your client agrees to plead guilty to: a Criminal Information that charges him with violating the Foreign Agents Registration Act ("FARA"), 22 U.S.C. §§ 612 and 618(a)(1). A copy of the Criminal Information is attached.

    Your client understands that a violation of 22 U.S.C. §§ 612 and 618(a)(1) carries a maximum sentence of 5 years' imprisonment; a fine of not more than $250,000, or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

WSP
8-31-18

In addition, your client agrees to pay a mandatory special assessment of $100 to the Clerk of the United States District Court for the District of Columbia. Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Guidelines, *Guidelines Manual* (2016) (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

2. **Factual Stipulations**

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes and summarizes your client's actions and involvement in the offense to which your client is pleading guilty as well as additional conduct he is admitting and for which he is taking responsibility. Please have your client sign and return the Statement of the Offense, along with this Agreement.

3. **Additional Charges**

In consideration of your client's guilty plea to the above offense, and upon the completion of full cooperation as described herein, no additional criminal charges will be brought against the defendant for his heretofore disclosed participation in criminal activity, including FARA offenses, false statements to and obstruction of the United States Senate Select Committee on Intelligence, and causing foreign money to be paid to the 2016-17 Presidential Inaugural Committee.

4. **Sentencing Guidelines Analysis**

Your client understands that the Court may determine a sentencing guideline range for this case (henceforth the "advisory guideline range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guideline range in establishing a reasonable sentence.

Your client further understands that the Sentencing Guidelines do not contain a guideline for a FARA violation. The Guidelines, however, call for the use of the most analogous guideline. U.S.S.G. §§ 1B1.2(a) and 2X5.1. If there is not a sufficiently analogous guideline, then the factors in 18 U.S.C. § 3553 would control. U.S.S.G. § 2X5.1. Additionally, any guidelines and policy statements that can be applied meaningfully without a guideline would remain applicable. *Ibid.*; see also 18 U.S.C. § 3553(b). Under the facts in this case, the parties stipulate and agree that there is no sufficiently analogous guideline.

A. **Acceptance of Responsibility**

Whether or not the Court determines that an analogous guideline applies, the Government agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the


WSP
8-31-18

Government, through your client's allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence. If the defendant has accepted responsibility as described above, and if the defendant pleads guilty on or before August 31, 2018, subject to the availability of the Court, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), if the Court were to determine a level 16 or higher Guideline were applicable.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any agreement set forth herein, should your client move to withdraw his guilty plea after it is entered, or should it be determined by the Government that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Agreement.

### B. Estimated Criminal History Category

Based upon the information now available to this Office, your client has no criminal convictions. Accordingly, your client is estimated to have no criminal history points and your client's Criminal History Category is estimated to be Category I. Your client acknowledges that if additional convictions are discovered during the pre-sentence investigation by the United States Probation Office, your client's criminal history points may increase.

### 5. Agreement as to Sentencing Allocution

Based upon the information known to the Government at the time of the signing of this Agreement, the parties further agree that a sentence within the potential analogous guideline range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided below.

### 6. Reservation of Allocution

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charge to which your client is pleading guilty.

The parties also reserve the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. In the event that the Court considers any Sentencing Guidelines adjustments, departures, or calculations different from any agreements contained in this Agreement, or contemplates a sentence outside the potential analogous Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court. In addition, your client acknowledges that the Government is not obligated to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.


WSP
8-31-18

7. **Court Not Bound by this Agreement or the Sentencing Guidelines**

Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), and may take into consideration the Sentencing Guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing or to grant a downward departure based on your client's substantial assistance to the Government, even if the Government files a motion pursuant to Section 5K1.1 of the Sentencing Guidelines. Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court.

Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, your client acknowledges that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the potential analogous Guideline range or if the Court does not follow the Government's sentencing recommendation. The Government and your client will be bound by this Agreement, regardless of the sentence imposed by the Court. Any effort by your client to withdraw the guilty plea because of the length of the sentence shall constitute a breach of this Agreement.

8. **Condition of Release**

In view of the cooperation your client has provided and agrees to continue to provide and the expected investigation(s) that will be based on his cooperation, the United States agrees to request your client's release pending sentencing. Your client also agrees that any violation of your client's release conditions, any misconduct by your client, or any inability or failure on the part of your client to continue your client's cooperation with the Government may result in the Government filing an ex parte motion with the Court requesting that a bench warrant be issued for your client's arrest and that your client be detained without bond while pending sentencing in this case. Your client acknowledges that, although the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty.

9. **Cooperation**

Your client shall cooperate fully, truthfully, completely, and forthrightly with this Office, the Special Counsel's Office, and other law enforcement authorities identified by this Office in any and all matters as to which this Office deems the cooperation relevant. This cooperation will include, but is not limited to, the following:

(a) The defendant agrees to be fully debriefed and to attend all meetings at which his presence is requested, concerning his participation in and knowledge of all criminal activities;



4

(b) The defendant agrees to furnish to the Government all documents and other material that may be relevant to the investigation and that are in the defendant's possession or control and to participate in undercover activities pursuant to the specific instructions of law enforcement agents or the Government;

(c) The defendant agrees to testify at any proceeding in the District of Columbia or elsewhere as requested by the Government;

(d) The defendant consents to adjournments of his sentence as requested by the Government;

(e) The defendant agrees that all of the defendant's obligations under this agreement continue after the defendant is sentenced; and

(f) The defendant must at all times give complete, truthful, and accurate information and testimony, and must not commit, or attempt to commit, any further crimes.

Your client acknowledges and understands that, during the course of the cooperation outlined in this Agreement, your client will be interviewed by law enforcement agents and/or Government attorneys. Your client waives any right to have counsel present during these interviews and agrees to meet with law enforcement agents and Government attorneys outside the presence of counsel. If, at some future point, you or your client desire to have counsel present during interviews by law enforcement agents and/or Government attorneys, and you communicate this decision in writing to this Office, this Office will honor this request, and this change will have no effect on any other terms and conditions of this Agreement.

Your client shall testify fully, completely and truthfully before any and all Grand Juries in the District of Columbia and elsewhere, and at any and all trials of cases or other court proceedings in the District of Columbia and elsewhere, at which your client's testimony may be deemed relevant by the Government.

Your client understands and acknowledges that nothing in this Agreement allows your client to commit any criminal violation of local, state or federal law during the period of your client's cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of your client's cooperation or at any time prior to sentencing will constitute a breach of this Agreement and will relieve the Government of all of its obligations under this Agreement, including, but not limited to, its obligation to inform this Court of any assistance your client has provided. However, your client acknowledges and agrees that such a breach of this Agreement will not entitle your client to withdraw your client's plea of guilty or relieve your client of the obligations under this Agreement.

Your client agrees that the sentencing in this case may be delayed until your client's efforts to cooperate have been completed, as determined by the Government, so that the Court will have the benefit of all relevant information before a sentence is imposed.



**10.    Government's Obligations**

The Government will bring to the Court's attention at the time of sentencing the nature and extent of your client's cooperation or lack of cooperation. The Government will evaluate the full nature and extent of your client's cooperation to determine whether your client has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. If this Office determines that the defendant has provided substantial assistance in the form of truthful information and, where applicable, testimony, this Office will file a motion pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant will then be free to argue for any sentence within the statutory range, including probation. Depending on the precise nature of the defendant's substantial assistance, this Office may not oppose defendant's application.

**11.    Waivers**

**A.    Statute of Limitations**

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of the Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement, as well as any crimes that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement, may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of the Offense that is not time-barred on the date that this Agreement is signed.

**B.    Trial and Other Rights**

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forgo the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to be indicted by a Grand Jury, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction. Your client understands that the Fifth Amendment to the Constitution of the United States

6



protects your client from the use of compelled self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against compelled self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily hereby waives the rights that arise under these rules to object to the Government's use of all such statements by him on and after May 22, 2018 (which is the date of your client's first proffer), in the event your client breaches this agreement, withdraws his guilty plea, or seeks to withdraw from this Agreement after signing it. This Agreement supersedes the proffer agreement between the Government and the client.

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

Your client agrees not to accept remuneration or compensation of any sort for the dissemination through any means, including but not limited to books, articles, speeches, blogs, podcasts, and interviews, however disseminated, regarding his violation of FARA, as detailed in the Statement of the Offense. This provision is not intended to cover remuneration or compensation for the dissemination of other information regarding the criminal activity of others or the lawful acts of your client, whether performed domestically or internationally.

C.    **Appeal Rights**

Your client agrees to waive the right to appeal the conviction in this case on any basis permitted by law, including but not limited to claim(s) that (1) the statute(s) to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute(s). Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, term or condition of supervised release, authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.



WSP
8-31-18

### D.  Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel. Your client reserves the right to file a motion brought under 18 U.S.C. § 3582(c)(2), but agrees to waive the right to appeal the denial of such a motion.

Your client agrees that with respect to all charges referred to herein he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law.

### 12.  Restitution

Your client understands that the Court has an obligation to determine whether, and in what amount, mandatory restitution applies in this case under 18 U.S.C. § 3663A. The Government and your client agree that mandatory restitution does not apply in this case.

### 13.  Breach of Agreement

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. Should it be judged by this Office in its sole discretion that the defendant has failed to cooperate fully, has intentionally given false, misleading or incomplete information or testimony, has committed or attempted to commit any further crimes, or has otherwise violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including (a) not to oppose a downward adjustment of two levels for acceptance of responsibility described above, and to make the motion for an additional one-level reduction described above and (b) to file the motion for a downward departure for cooperation described above. Moreover, this Office may withdraw the motion described above, if such motion has been filed prior to sentencing. In the event that it is judged by this Office that there has been a breach: (a) your client will be fully subject to criminal prosecution, in addition to the charge contained in the Criminal Information, for any crimes to which he has not pled guilty, including perjury and obstruction of justice; and (b) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information, and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously a part of proffer-protected debriefings, and your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

8



Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

14. **Complete Agreement**

Apart from the written proffer agreement with the Special Counsel's Office initially dated May 22, 2018, which this Agreement supersedes, no agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and this Office.

Your client further understands that this Agreement is binding only upon this Office, the National Security Division of the U.S. Department of Justice, and the Special Counsel's Office. This Agreement does not bind any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

\* \* \* \* \*

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of the Offense, and returning both to this Office no later than August 31, 2018.

Sincerely yours,

JESSIE K. LIU
United States Attorney

By: _____
Michael C. DiLorenzo
Assistant U.S. Attorney

Scott A. Claffee
Trial Attorney
U.S. Department of Justice
National Security Division

## DEFENDANT'S ACCEPTANCE

I have read every page of this Agreement and have discussed it with my attorney Stuart Sears. I am fully satisfied with the legal representation by Mr. Sears and his firm, who I have chosen to represent me herein. Nothing about the quality of the representation of other counsel is affecting my decision herein to plead guilty. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorneys in connection with this Agreement and matters related to it.

Date: 8-31-18

W. Samuel Patten
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, Samuel Patten, and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 8/31/18

Stuart A. Sears, Esq.
Attorney for Defendant

WSP
8-31-18